# EXHIBIT "A"

EXHIBIT.1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2024**  **00681**
E-Filing Number: 2403012404

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DARRYL HUBBARD | LIVE CASINO & HOTEL PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2734 ISLAND AVENUE<br>PHILADELPHIA PA 19153 | 900 PACKER AVENUE<br>PHILADELPHIA PA 19148 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | STADIUM CASINO RE, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 601 EAST PRATT STREET   6TH FLOOR<br>BALTIMORE MD 21202 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | GAMING AND LEISURE PROPERTIES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 845 BERKSHIRE BOULEVARD<br>WYOMISSING PA 19610 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 7 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
[ ] $50,000.00 or less
[X] More than $50,000.00

COURT PROGRAMS
[ ] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement
[X] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors
[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival
[ ] Other: _____

CASE TYPE AND CODE
2S – PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAR 06 2024
C. SMITH

IS CASE SUBJECT TO COORDINATION ORDER?
YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DARRYL HUBBARD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| CHRISTOPHER A. BRADLEY | 850 BEAR TAVERN RD., STE 106<br>EWING NJ 08628 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (201)882-7880 | (609)256-7334 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 84818 | cbradley@brandonjbroderick.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *CHRISTOPHER BRADLEY* | Wednesday, March 06, 2024, 01:35 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. LIVE CASINO & HOTEL PHILADELPHIA
    900 PACKER AVENUE
    PHILADELPHIA PA 19148
2. STADIUM CASINO RE, LLC
    601 EAST PRATT STREET  6TH FLOOR
    BALTIMORE MD 21202
3. GAMING AND LEISURE PROPERTIES, INC.
    845 BERKSHIRE BOULEVARD
    WYOMISSING PA 19610
4. CORDISH COMPANIES
    601 EAST PRATT STREET  6TH FLOOR
    BALTIMORE MD 21202
5. JOHN DOE 1-10 (FICTITIOUSLY NAMED)
    C/O BRANDON J. BRODERICK 850 BEAR TAVERN ROAD STE 106
    EWING NJ 08628
6. ABC COMPANIES 1-10 (FICITIOUS)
    C/O BRANDON J. BRODERICK, LLC 850 BEAR TAVERN ROAD STE 106
    EWING NJ 08628
7. XYZ CORPORATIONS 1-10 (FICITIOUS)
    C/O BRANDON J. BRODERICK, LLC 850 BEAR TAVERN ROAD STE 106
    EWING NJ 08628

| | |
|---|---|
| **DARRYL HUBBARD**<br><br>Plaintiff<br><br>v.<br><br>**LIVE CASINO & HOTEL PHILADELPHIA, et al**<br><br>Defendants | **COMMONWEALTH OF PENNSYLVANIA**<br>**PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>Trial Division<br><br>March TERM, 2024<br><br>NO:<br><br>COMPLAINT<br><br>MAJOR JURY |

*Filed and Attested by the Office of Judicial Records*
*MAR 2024 01:35 pm*
*G. SMITH*

**"NOTICE"**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

Philadelphia Bar Association
Lawyer Referral
And Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197
TTY (215) 451-6197

Case ID: 240300681

**BRANDON J. BRODERICK, LLC**
**CHRISTOPHER A. BRADLEY, ESQ.**
Attorney I.D.: 84818
850 Bear Tavern Road, Suite 106
Ewing, NJ  08628
chris_unit@brandonjbroderick.com
(201) 882-7880                                                         **Attorney for Plaintiff**

| | |
|---|---|
| **DARRYL HUBBARD**<br>2734 Island Avenue<br>Philadelphia, PA 19153<br><br>              **Plaintiff**<br><br>                    v.<br><br>**LIVE CASINO & HOTEL PHILADELPHIA**<br>900 Packer Avenue<br>Philadelphia, PA 19148<br><br>              and<br><br>**STADIUM CASINO RE, LLC.**<br>601 East Pratt Street – 6TH Floor<br>Baltimore, MD 21202<br><br>              and<br><br>**GAMING AND LEISURE PROPERTIES, INC.**<br>845 Berkshire Boulevard<br>Wyomissing, PA 19610<br><br>              and<br><br>**CORDISH COMPANIES**<br>601 East Pratt Street – 6TH Floor<br>Baltimore, MD 21202<br><br>              and<br><br>**JOHN DOES (1-10); ABC COMPANIES 1-10 (FICITIOUS); XYZ CORPORATIONS 1-10 (FICITIOUS)**<br>              **Defendants** | **COMMONWEALTH OF PENNSYLVANIA**<br>**PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>Trial Division<br><br> MarchTERM, 2024<br><br>NO:<br><br>**COMPLAINT**<br><br>**MAJOR JURY** |

Case ID: 240300681

# COMPLAINT

## The Parties

1. Plaintiff, Darryl Hubbard, is an adult individual who resides at 2734 Island Avenue, Philadelphia, Philadelphia County, Pennsylvania.

2. Defendant, Live! Casino & Hotel Philadelphia, is a business entity amenable to suit within the Commonwealth of Pennsylvania, with a principal place of business located at 900 Packer Avenue Philadelphia, Philadelphia County, Pennsylvania, 19148.

3. Defendant, Stadium Casino RE, LLC, is a business entity amenable to suit within the Commonwealth of Pennsylvania, with a principal place of business located at 601 East Pratt St., 6th Floor, Baltimore, MD 212202.

4. Defendant, Gaming and Leisure Properties, Inc., is a business entity amenable to suit within the Commonwealth of Pennsylvania, with a principal place of business located at 845 Berkshire Boulevard, Wyomissing, PA 19610.

5. Defendant, Cordish Companies, is a business entity amenable to suit within the Commonwealth of Pennsylvania, with a principal place of business located at 601 East Pratt St., 6th Floor, Baltimore, MD 212202.

6. Defendant, John Doe [Maintenance Company(s)], is a maintenance company whose name and address is unknown.

7. At all times material hereto, the defendants all advertised and/or conducted business within Pennsylvania and within the city and county of Philadelphia.

8. At all material times defendants owned or were in control of the property located at 900 Packer Avenue, Philadelphia, PA 19148, and/or managed the property, and/or employed the persons who managed, repaired, renovated, or who were responsible for managing,

inspecting, maintaining and repairing the inside areas including the walking surfaces, walls, molding and/or paneling, and/or providing warnings or barriers at the site of the hazard and/or around the hazardous area.

9. The Defendant(s), individually, jointly, or behalf of the other, hired, supervised, approved, directed, and/or controlled the employees, servants, contractors, subcontractors, or agents who performed work at the property, and these persons who performed work at the property did so at the direction and under the supervision and control of Defendant or Defendants.

## Jurisdiction

10. This court is the proper court of Jurisdiction and Venue.

11. All acts complained causing harm to Plaintiff occurred in Pennsylvania.

12. Jurisdiction is proper in Philadelphia County.

## Facts

13. Plaintiff, on May 21, 2022, was lawfully on the premises as a business invitee of the casino, at or near the cash cage.

14. At or near this time and place, as a result of the negligence of the defendants, a piece of paneling, molding or other material fell from the wall and struck Plaintiff on the head, neck and back, causing serious and permanent injuries.

15. As a result of the Defendants' negligence, Plaintiff sustained injuries to his head, neck, upper back and right shoulder.

16. As a further result of Defendants' negligence, Plaintiff suffered economic losses, and will continue to incur future economic losses.

Case ID: 240300681

17. As a further result of Defendants' negligence, Plaintiff sustained permanent injuries, aggravated unknown pre-existing conditions, if any, and continues to experience pain and suffering, disability, loss of enjoyment of life, and limitations in his activities, and will continue to suffer indefinitely.

## COUNT I

## DARRYL HUBBARD v. LIVE! CASINO & HOTEL PHILADELPHIA

18. Plaintiff hereby incorporates the above paragraphs above as if they were set forth fully and completely herein.

19. At all times, relevant herein, Plaintiff himself acted reasonably, and he did not appreciate that the floor was unsafe.

20. At all material times, Live! Casino & Hotel Philadelphia was the owner and/or tenant of the premises located at 900 Packer Avenue, Philadelphia, PA, and was responsible by deed, contract otherwise for the care and maintenance of the property acting directly or through its agents, servants workmen and/or employees.

21. The negligence of Live! Casino & Hotel Philadelphia, its agents, servants, workmen and/or employees consisted inter alia of the following:

    a. failing to properly install, secure, inspect and maintain the walls, paneling, molding or other materials in a safe and reasonable manner and creating the hazard;

    b. failing to hire, train, supervise or use employees or persons who were qualified or reasonably knowledgeable in the areas of safety, construction, demolition, installation, and inspecting and correcting hazards;

    c.    performing the work when not qualified, trained or experienced in wall maintenance and installation, and related work;

    d.    allowing a dangerous condition to exist on its property when Defendant(s) knew or should have known of it, and failing to correct it, post warnings, or otherwise repair the walls until it was made safe;

    e.    increasing the risk of injury by allowing people to access the casino without a reasonably safe walls and walking surfaces;

    f.    installing walls that were unreasonably dangerous and failing to warn others or block off the area;

    g.    failing to timely and adequately inspect the subject property so as to discover and permit timely remediation, removal and warning of a hazard including that complained of by Plaintiff; and

    h.    failing to provide and use materials of sufficient strength and character to maintain its integrity on the walls.

22. As a direct and proximate cause of defendant's negligence, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiff demands judgment against the defendant in an amount in excess of $50,000.

**COUNT II**

**DARRYL HUBBARD v. STADIUM CASINO RE, LLC**

23. Plaintiff hereby incorporates the above paragraphs above as if they were set forth fully and completely herein.

24. At all times, relevant herein, Plaintiff himself acted reasonably, and he did not appreciate that the floor was unsafe.

25. At all material times, Stadium Casino RE, LLC was the owner and/or tenant of the premises located at 900 Packer Avenue, Philadelphia, PA, and was responsible by deed, contract otherwise for the care and maintenance of the property acting directly or through its agents, servants workmen and/or employees.

26. The negligence of Stadium Casino RE, LLC, its agents, servants, workmen and/or employees consisted inter alia of the following:

    a. failing to properly install, secure, inspect and maintain the walls, paneling, molding or other materials in a safe and reasonable manner and creating the hazard;

    b. failing to hire, train, supervise or use employees or persons who were qualified or reasonably knowledgeable in the areas of safety, construction, demolition, installation, and inspecting and correcting hazards;

    c. performing the work when not qualified, trained or experienced in wall maintenance and installation, and related work;

    d. allowing a dangerous condition to exist on its property when Defendant(s) knew or should have known of it, and failing to correct it, post warnings, or otherwise repair the walls until it was made safe;

    e. increasing the risk of injury by allowing people to access the casino without a reasonably safe walls and walking surfaces;

    f. installing walls that were unreasonably dangerous and failing to warn others or block off the area;

  g. failing to timely and adequately inspect the subject property so as to discover and permit timely remediation, removal and warning of a hazard including that complained of by Plaintiff; and

  h. failing to provide and use materials of sufficient strength and character to maintain its integrity on the walls.

27. As a direct and proximate cause of defendant's negligence, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiff demands judgment against the defendant in an amount in excess of $50,000.

## COUNT III

## DARRYL HUBBARD v. GAMING AND LEISURE PROPERTIES, INC.

28. Plaintiff hereby incorporates the above paragraphs above as if they were set forth fully and completely herein.

29. At all times, relevant herein, Plaintiff himself acted reasonably, and he did not appreciate that the floor was unsafe.

30. At all material times, Gaming and Leisure Properties, Inc. was the owner and/or tenant of the premises located at 900 Packer Avenue, Philadelphia, PA, and was responsible by deed, contract otherwise for the care and maintenance of the property acting directly or through its agents, servants workmen and/or employees.

  a. The negligence of Gaming and Leisure Properties, Inc., its agents, servants, workmen and/or employees consisted inter alia of the following:

  b. failing to properly install, secure, inspect and maintain the walls, paneling, molding or other materials in a safe and reasonable manner and creating the hazard;

  c. failing to hire, train, supervise or use employees or persons who were qualified or reasonably knowledgeable in the areas of safety, construction, demolition, installation, and inspecting and correcting hazards;

  d. performing the work when not qualified, trained or experienced in wall maintenance and installation, and related work;

  e. allowing a dangerous condition to exist on its property when Defendant(s) knew or should have known of it, and failing to correct it, post warnings, or otherwise repair the walls until it was made safe;

  f. increasing the risk of injury by allowing people to access the casino without a reasonably safe walls and walking surfaces;

  g. installing walls that were unreasonably dangerous and failing to warn others or block off the area;

  h. failing to timely and adequately inspect the subject property so as to discover and permit timely remediation, removal and warning of a hazard including that complained of by Plaintiff; and

  i. failing to provide and use materials of sufficient strength and character to maintain its integrity on the walls.

31. As a direct and proximate cause of defendant's negligence, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiff demands judgment against the defendant in an amount in excess of $50,000.

## COUNT IV

## DARRYL HUBBARD v. CORDISH COMPANIES

32. Plaintiff hereby incorporates the above paragraphs above as if they were set forth fully and completely herein.

33. At all times, relevant herein, Plaintiff himself acted reasonably, and he did not appreciate that the floor was unsafe.

34. At all material times, Cordish Companies was the owner and/or tenant of the premises located at 900 Packer Avenue, Philadelphia, PA, and was responsible by deed, contract otherwise for the care and maintenance of the property acting directly or through its agents, servants workmen and/or employees.

35. The negligence of Cordish Companies, its agents, servants, workmen and/or employees consisted inter alia of the following:

    a.    failing to properly install, secure, inspect and maintain the walls, paneling, molding or other materials in a safe and reasonable manner and creating the hazard;

    b.    failing to hire, train, supervise or use employees or persons who were qualified or reasonably knowledgeable in the areas of safety, construction, demolition, installation, and inspecting and correcting hazards;

    c.    performing the work when not qualified, trained or experienced in wall maintenance and installation, and related work;

    d.    allowing a dangerous condition to exist on its property when Defendant(s) knew or should have known of it, and failing to correct it, post warnings, or otherwise repair the walls until it was made safe;

    e.    increasing the risk of injury by allowing people to access the casino without a reasonably safe walls and walking surfaces;

    f.    installing walls that were unreasonably dangerous and failing to warn others or block off the area;

    g.    failing to timely and adequately inspect the subject property so as to discover and permit timely remediation, removal and warning of a hazard including that complained of by Plaintiff; and

    h.    failing to provide and use materials of sufficient strength and character to maintain its integrity on the walls.

36. As a direct and proximate cause of defendant's negligence, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiff demands judgment against the defendant in an amount in excess of $50,000.

## COUNT V

## DARRYL HUBBARD v. JOHN DOE [MAINTENANCE COMPANY(S)]

37. Plaintiff hereby incorporates the above paragraphs above as if they were set forth fully and completely herein.

38. At all times, relevant herein, Plaintiff himself acted reasonably, and he did not appreciate that the floor was unsafe.

39. At all material times, John Doe was the owner and/or tenant of the premises located at 900 Packer Avenue, Philadelphia, PA, and was responsible by deed, contract otherwise for the care and maintenance of the property acting directly or through its agents, servants workmen and/or employees.

40. The negligence of John Doe, its agents, servants, workmen and/or employees consisted inter alia of the following:

   a. failing to properly install, secure, inspect and maintain the walls, paneling, molding or other materials in a safe and reasonable manner and creating the hazard;

   b. failing to hire, train, supervise or use employees or persons who were qualified or reasonably knowledgeable in the areas of safety, construction, demolition, installation, and inspecting and correcting hazards;

   c. performing the work when not qualified, trained or experienced in wall maintenance and installation, and related work;

   d. allowing a dangerous condition to exist on its property when Defendant(s) knew or should have known of it, and failing to correct it, post warnings, or otherwise repair the walls until it was made safe;

   e. increasing the risk of injury by allowing people to access the casino without a reasonably safe walls and walking surfaces;

   f. installing walls that were unreasonably dangerous and failing to warn others or block off the area;

  g. failing to timely and adequately inspect the subject property so as to discover and permit timely remediation, removal and warning of a hazard including that complained of by Plaintiff; and

  h. failing to provide and use materials of sufficient strength and character to maintain its integrity on the walls.

41. As a direct and proximate cause of defendant's negligence, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in an amount in excess of $50,000, together with all other available monetary damages permitted by law.

               **BRANDON J BRODERICK, LLC**

              By: */s/ Christopher A. Bradley*
                Christopher A. Bradley, Esquire
                Attorney for Plaintiff

Dated: March 6, 2024

DocuSign Envelope ID: 41FBD9D5-656E-44CA-BD33-46D8E6765629

## **VERIFICATION**

I, __Darryl Hubbard__, Plaintiff herein, makes this Verification and states that the statements made in the foregoing are true and correct to the best of his knowledge, information, and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_____
PLAINTIFF

Case ID: 240300681